MOREL (UNITED STATES v.). See Case No. 15,807.

## Case No. 9,794.

### MORELAND v. MARION COUNTY.

[8 Chi. Leg. News. 25; 1 N. Y. Wkly. Dig. 326.]

Circuit Court, D. Oregon. Oct. 4, 1875.

PLEADING UNDER CODE—EJECTMENT—DEFENSE—WHAT ANSWER MAY CONTAIN—SUIT AGAINST COUNTY—DISTRICT ATTORNEY—COUNSEL TO ASSIST.

1. In an action of ejectment the defense may consist of either a denial of the plaintiff's right to recover by controverting any or all of the material allegations of the complaint, or of an averment or plea of such an estate in the premises, or license, or right to the possession thereof, in the defendant, as is inconsistent with a present right of possession in the plaintiff, or both. Civ. Code Or. § 316.

2. The statement of new matter in the answer must be "concise," and it must constitute a "defense" to the action, and like the statement in the complaint of "the facts constituting the cause of action," it must be limited to the ultimate facts of such defense, and should not contain the evidence of them.

3. A defense which states in detail the circumstances by which it is claimed that a dedication of the premises was made to the defendant to certain public uses, is irrelevant as a pleading; it should have alleged a right of possession in the defendant, in pursuance of a dedication, for the purposes and time claimed as prescribed by statute. Civ. Code Or. § 316.

4. Facts stated in a defense do not amount to an estoppel, unless pleaded as such.

5. A plea of estoppel must allege that the plaintiff ought to be precluded from showing some fact or matter stated in the complaint, to which the estoppel is interposed, because of some other fact or matter alleged in the plea, which constitutes the estoppel.

6. A district attorney, by virtue of his office, is the attorney for the several counties in his district, and as such must prosecute or defend all actions to which any of such counties may be a party, without reference to the locality of the court in which they may be pending.

7. The county court may employ counsel to assist the district attorney in the prosecution or defense of a particular action, but the district attorney is entitled to control the proceedings in court, and the county cannot appear by any other attorney.

8. If the pleading of a county is not subscribed by the proper district attorney, it is not duly subscribed, and may be stricken out of the case. Civ. Code Or. §§ 79, 103.

[This was an action by W. W. Moreland against Marion county to recover the possession of certain real estate.]

H. Y. Thomson & W. Lair Hill, for plaintiff.

Reuben P. Boise, for defendant.

DEADY, District Judge. This action is brought by a citizen of the state of California, against the defendant, a county of the state of Oregon, to recover the possession of block 6 in the town of Salem in said county, alleged to be worth $130,000, together with the sum of $500 damages, for withholding the possession of the same. The answer of the defendant first denies the material allegations of the complaint except those concerning the citizenship of the parties and the value of the property. It also contains a second defense styled "a further and separate answer," which the plaintiff moves to strike out as irrelevant and frivolous, as well as the whole answer, because "the same is not subscribed by the defendant or its attorney."

The second defense is divided into 12 articles or paragraphs, and states substantially, that about the year 1844 William H. Willson and Chloe A., his wife, settled upon a tract of public land including the premises, since designated in the United States surveys as donation claim No. 44; that in July, 1853, the said Willson and wife having resided upon and cultivated said claim for four successive years, and otherwise complied with the provisions of the donation act of September 27, 1850 [9 Stat. 496], the surveyor general of Oregon, issued to them donation certificate No. 20, for said claim, designating therein the north half thereof, which includes the premises in controversy, as enuring to the wife, and the south half to the husband; that on February 4, 1862, a patent issued from the United States for said claim, to said Willson and wife; that between the years 1844 and 1850 said Willson, with the knowledge and consent of his wife, laid off the town of Salem upon said claim, and on March 22, 1850, recorded the plat thereof, and that upon said plat said block 6 was designated as a public square and dedicated to the use of the people of said county and town for the purpose of building a court house thereon; that said people, in 1852, with the knowledge and consent of said Willson and wife, took possession of said block and built a court house thereon, and by virtue of said dedication, have used the same for public purposes ever since, and that said Willson contributed largely to the building of the court house; that said Willson and wife, after they ac-

quired title to said claim, sold lots with reference to said plat, and continued to recognize said dedication of the premises until the death of said Willson, in 1856, after which the said Chloe A. sold lots in said town with reference to said plat, and continued to recognize the dedication aforesaid up to the time of her death in 1874, and assented to the said dedication of said block; that, in 1872, the defendant erected a court house upon said block, with the knowledge and consent of said Chloe A.. at a cost of $100,000; and that whatever interest the plaintiff has in the premises is derived from said Chloe and was acquired since the erection of said last mentioned court house and with a knowledge of these facts.

In an action of this kind the defense may consist of either a denial of the plaintiff's right to recover, by controverting any or all of the material allegations of the complaint, or of an averment or plea of such an estate in the premises, or license or right to the possession thereof in the defendant, as is inconsistent with a present right of possession in the plaintiff, or both. Civ. Code Or. § 316.

The answer of the defendant substantially admits that the plaintiff is the owner in fee of the premises, but undertakes to set up in bar of the action to recover the possession, a dedication of the same to the use of the defendant, by Chloe Willson, under whom it is alleged the plaintiff claims. This attempt to plead a license or right to the possession in the defendant consists of a detailed narrative of the settlement and occupation of donation claim No. 44, by William H. Willson and Chloe A. Willson, from 1844 to 1874, including their acts and doings with reference to the defendant and said block 6.

The motion to strike out the second defense as irrelevant must be allowed. Much of it is immaterial—even as evidence of a dedication by Chloe A.—while none of it is relevant as an allegation or pleading to the complaint. Lee Bank v. Kitching, 7 Bosw. 668. The statement of new matter in the answer is required to be "concise," and to constitute a "defense" to the action. Like the statement in the complaint of "the facts constituting the cause of action," it must be limited to the ultimate facts of such defense, and should not contain the evidence of them. Wooden v. Strew, 10 How. [51 U. S.] 50. Section 316, supra, provides that in an action to recover the possession of real property: "The defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer. If so pleaded, the nature and duration of such estate or license or right to the possession, shall be set forth with the certainty and particularity required in a complaint." For instance, if the defendant relies upon a right to the possession of this property, arising from a dedication thereof by Chloe A. Willson to itself, for the purpose of building and maintaining thereon, forever, a court house, it should plead that fact as directed by this statute, and not what council may consider the evidence of it. This could be done in a few words, without burdening the record with a story of a dozen folios concerning the circumstances out of which the defendant claims such a right arose, or imposing upon the plaintiff the unnecessary hardship and disadvantage of replying in detail to this statement of these circumstances before any proof is offered in support of them, and thereby in effect convert the answer into a bill of discovery.

On the argument, counsel for the defendant claimed that the facts stated in this defense were also relied upon as a bar to the action by way of estoppel. But they are not pleaded as such. There is no fact stated in the complaint, which the defendant alleges the plaintiff ought not to be permitted to show. A plea of estoppel must allege that the plaintiff ought to be precluded from showing some fact or matter stated in the complaint, to which the estoppel is interposed, because of some other fact or matter alleged in the plea, which constitutes the estoppel. For instance, in an action of ejectment by the vendor of the premises claiming under an after acquired and superior title, the vendee and defendant might plead that the plaintiff ought to be precluded from showing that he was seized of the premises and entitled to the possession thereof, because on some day prior to the commencement of the action he had conveyed the same to the defendant with full covenants of warranty. Section 79 of the Oregon Civil Code provides that "every pleading shall be subscribed by the party or his attorney;" while section 103 declares that any pleading not "duly subscribed" may be stricken out of the case. In support of the motion to strike out the whole answer, upon the ground that it is not duly subscribed, counsel for plaintiff contends that the district attorney for the judicial district, including Marion county, is the attorney for the defendant. That he is appointed such attorney by means of a public election in the district held in pursuance of law; and that the defendant cannot disregard such appointment and appear in this action by another, and, therefore, this answer is not duly subscribed and is liable to be stricken out of the case. Section 945 of the Oregon Civil Code prescribes the duties of the district attorney, as follows: "He shall prosecute for all penalties and forfeitures to the state, which may be incurred in any county in his district, and for which no other mode of prosecution and collection is expressly provided by statute, and in like case, prosecute or defend as the case may be, all actions, suits or proceedings in any county in his district to which the state or such county may be a party."

The answer is subscribed by certain attorneys of this court as "attorneys for defend-

ant." The motion is not made upon affidavit or other proof as to who is the district attorney for the Third district, which includes the defendant. I do not think the court can take judicial knowledge of the fact that any particular person is district attorney for that district, or that neither of the attorneys who have subscribed the answer is not such officer. On the other hand, the subscription to the answer does not profess to be made by a district attorney, as it should, if made by one. The motion asserts that the answer is not subscribed by defendant's attorney, and upon the argument it was substantially admitted that neither of the attorneys subscribing the answer is the district attorney for the district, including the defendant. Assuming then, that the answer is not subscribed by the attorney for the Third district, is it subscribed by the attorney of the defendant as required by statute?

Until the contrary appears, the court will presume that when one of its attorneys subscribes a pleading as the attorney of a party, to a proceeding before it, that he is authorized to do so. But in the case of a public corporation, like the defendant, which has a regular official attorney, appointed by law, there is no room for the presumption that any other attorney has authority to represent it. The voters of the various counties in the Third district have, by the election of the district attorney, constituted him the attorney of such counties, with authority "to prosecute or defend, as the case may be, all actions, suits or proceedings" to which any of them may be a party, during his continuance in office. Admitting even, what is very doubtful, that a county may authorize an attorney, other than the proper district attorney, to represent it in court, there is certainly no presumption that it has done so—the fact must be made to appear. Regularly this should be done by an order of the county court, and a copy of the same, under its seal, filed with the appearance of the attorney. The presumption is, that the defendant has an official attorney in the person of the attorney for the Third judicial district upon whom the law casts the authority and duty of defending this action. The court is therefore not at liberty to presume that the gentlemen whose names appear signed to the answer of the defendant were authorized to do so.

It is not doubted but that the county court may, with the assent of the district attorney, and it may be without his assent, employ counsel to assist him in the prosecution or defense of a proceeding to which it is a party; but even then the district attorney would be the attorney of the county and entitled to control the proceedings and required to authenticate the pleadings by his subscription. It may, also, as representing the county, control and direct the conduct of a cause to which the latter is a party the same as a natural person might do (Civ. Code Or. § 871); but unless there is a vacancy in the office of district attorney, it must appear in court by him. He may be assisted, but he cannot be ignored.

It has been suggested that this action is not within the purview of section 945, supra, because it is not prosecuted or defended "in any county" in the Third district. But it is quite certain from the language of the whole section that it was the intention of the legislature to make the district attorney the law officer of the county, and require him to appear for the county in any action to which it might be a party, without reference to the locality of the court in which it may be pending. It is true, this action is not prosecuted in the county of Marion, because this court does not happen to sit there, but the cause of action arose therein, and the county is a party to it, and this brings it within the statute which requires it to be defended by the district attorney of the Third district.

The motion to strike out is allowed on both grounds.