MITCHELL NATIONAL BANK, Respondent, v. JONES, State Auditor, Appellant.

(212 N. W. 919.)

(File No. 6453. Opinion filed April 1, 1927.)

1. **Mandamas—Motion to Quash Alternative Writ of Mandamus Held Proper Practice, Statutory Answer Not Being Exclusive Means Of Raising Objections (Rev. Code 1919, § 3010).**

    Rev. Code 1919, § 3010, providing that one on whom alternative writ of mandamus has been served may show cause by answer does not provide exclusive means of raising objections to the plaintiff's application, and motion to quash writ held proper.

2. **Mandamus—Actions—Special Proceedings—Mandamus Is A "Special Proceeding," As Distinguished From An Action (Rev. Code 1919, §§ 2091, 2092).**

    Mandamus is a "special proceeding," under Rev. Code 1919, § 2092, rather than an "action," under section 2091.

3. **Mandamus—Appeals and Error—Order Denying Motion to Quash Alternative Writ of Mandamus Held Not A "Final Order," Affecting A Substantial Right Within Statute (Rev. Code 1919, § 3168, Subd. 2).**

    Rev. Code 1919, § 3168, subd. 2, providing that final orders made in special proceeding which affect substantial rights, are appealable, held not applicable to an order denying motion to quash alternative writ of mandamus on grounds of jurisdiction and insufficiency of application.

**4.   Mandamus—Order Denying Motion to Quash Writ of Mandamus Held Appealable Under Statute Allowing Appeals From Order Overruling Demurrer (Rev. Code 1919, § 3168, Subd. 3).**

Motion to quash alternative writ of mandamus being analogous to demurrer in ordinary action and its purpose practically identical, order denying such motion is appealable, under Rev. Code 1919, § 3168, subd. 3, providing that an appeal may be had from an order overruling a demurrer.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Mandamus, Key-No. 162, 38 C. J. Sec. 629 (Anno); **(2)** Mandamus, Key-No. 1, 38 C. J. Sec. 3; **(3)** and **(4)**, Mandamus, Key-No. 187(2), 38 C. J. Sec. 739 (Anno).

Appeal from Circuit Court, Davison County; HON. R. C. BAKEWELL, Judge.

Mandamus by the Mitchell National Bank against E. A. Jones, as State Auditor. Motion to quash the alternative writ of mandamus was denied, and defendant appeals. On plaintiff's motion to dismiss the appeal. Motion denied.

*Buell F. Jones,* Attorney General, and *Benjamin D. Mintener,* Assistant Attorney General, for Appellant.

*Miller & Shandorf,* of Mitchell, for Respondent.

CAMPBELL, P. J. The plaintiff above named instituted a proceeding for mandamus against the defendant in the circuit court of Davison county, and an alternative writ issued. On the return day the defendant made a motion to quash the alternative writ upon the grounds that the circuit court of Davison county had no jurisdiction of the person of the defendant or the subject of the action; that the proceeding was not brought by the real party in interest; that the plaintiff had a plain, speedy, and adequate remedy at law; and that it appeared from the face of the application that neither said application nor the alternative writ stated facts sufficient to justify the issuance of the writ prayed for. The learned trial judge, after hearing argument on the defendant's motion to quash, entered his order in all things denying that motion and granting the defendant eight days to make return to the alternative writ. From this order denying his motion to quash the defendant forthwith undertook an appeal to this court, and the matter is now before us on a motion by respondent here to dismiss such appeal, upon the ground that the order thus sought to be

appealed from is not, under the statutes of this state, an appealable order.

[1] It is the contention of respondent, first, that it is not permissible practice to move to quash an alternative writ of mandamus; and, second, that even if such motion should be held proper, nevertheless no appeal will lie from an order denying the same.

Respondent bases its first contention on section 3010, Rev. Code 1919, which reads as follows:

*"Answer to the Writ.* On the return of the alternative writ, or the day on which the application for the writ is noticed, the party on whom the writ or notice has been served may show cause by answer, under oath, made in the same manner as an answer to a complaint in a civil action."

And respondent propounds the theory that such section of the statute is mandatory and exclusive, and defines the only procedure available to defendant upon whom an alternative writ of mandamus is served, and that all questions desired to be raised by such a defendant, either of law or of fact, must be taken by answer, and not otherwise. We doubt the soundness of respondent's theory on this point. It is to be observed that the language of the statute is not such as will usually be construed as mandatory, but rather is permissive, that the defendant *"may* show cause by answer." It is perhaps true, as a matter of technical nicety of pleading, that a defendant in mandamus cannot, strictly speaking, with propriety demur to the alternative writ. The statute does not specifically authorize him to interpose a demurrer nor was it a common law right in such case. Spelling on Injunctions and other Extraordinary Remedies (2d Ed.) § 1671. However, the right to test the sufficiency of the alternative writ by motion to quash was a part of the common-law procedure on mandamus, and is, and has been, the established practice in this state both in the circuit courts and this court, and for the past 15 years, at least, has had the considered approval of this court. See State ex rel Hinrichs v. Olson, 30 S. D. 460, 139 N. W. 109, wherein this court, per Corson, J., said:

"It is contended by the respondent that the appellant is not in a position to raise any question under these specifications for

the reason that all objections to an alternative writ must be by
answer and not by demurrer or by objections on motions, and
calls our attention to section 768 of the Revised Code of Civil
Procedure [now section 3010, Rev. Code 1919], which provides
that the party on whom the writ or notice has been served shall
show cause by answer under oath, made in the same manner as an
answer to a complaint in a civil action. We cannot agree with
the counsel for the respondent in their contention. A motion to
quash a writ, which is in the nature of a demurrer, is always
proper on the part of the defendant when he claims that the com-
plaint or affidavit does not state facts sufficient to authorize the
court to enter a judgment upon the same, as a party cannot be
required to answer the complaint or affidavit where its sufficiency
is challenged until its sufficiency is determined by the court. The
requirement that an answer to the complaint must be under oath
and made on the return day evidently presupposes a complaint or
affidavit stating sufficient facts and made by the proper parties."

We know of no good reason at this time for interfering with
the established practice in this state or receding from the explicit
language of the above case on this point.

Respondent further contends, however, that, conceding the pro-
priety of making a motion to quash, an order denying such motion
with leave to answer is not appealable. Our statute defining ap-
pealable orders is section 3168, R. C. 1919, and reads as follows: .

"*What Orders Reviewable.* The following orders, when made
by the court, may be carried to the Supreme Court:

"1. An order affecting a substantial right, made in any action,
when such order in effect determines the action and prevents a
judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special
proceedings, or upon a summary application in an action after
judgment.

"3. When an order grants, refuses, continues or modifies a
provisional remedy, or grants, refuses, modifies or dissolves an
injunction; when it dissolves or refuses to dissolve a warrant of
attachment; when it grants or refuses a new trial; or when it
sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part
thereof; when it orders judgment on application therefor, on ac-

count of the frivolousness of a demurrer; answer or reply, or strikes out such demurrer, answer or reply on account of the frivolousness thereof.

"5. From orders made by the circuit court vacating or refusing to set aside orders made at chambers, where, by the provisions of this part, an appeal might have been taken in case the order so made at chambers had been granted or denied by the circuit court in the first instance. For the purposes of an appeal from an order, either party may require the order to be entered by the clerk of record and it shall be entered accordingly."

Respondent maintains that the only orders in a mandamus proceeding from which appeal will lie are such as come within the purview of subdivision 2 of the statute above quoted; namely, final orders affecting a substantial right.

[3] It is undoubtedly true that mandamus is a "special proceeding," as distinguished from an "action." Sections 2091, 2092, Rev. Code 1919. It is further true, as has been previously held by this court, that subdivision 1 of the statute above quoted by its terms refers only to "actions," and not to "special proceedings," and it is further true that the order sought to be appealed from is not "a final order affecting a substantial right," within the meaning of subdivision 2 of the statute, but we cannot agree with respondent that the admission of these facts must necessarily determine the nonappealable character of the order now sought to be appealed from.

[4] The application for writ of mandamus in the form of affidavit (section 3007, R. C. 1919) is analogous to the complaint in a civil action, and it amounts to the initial pleading of the plaintiff in mandamus, and with us the parties to a special proceeding are known as plaintiff and defendant (section 2991, Rev. Code 1919). In the ordinary civil action the plaintiff's initial pleading is prepared and served upon the defendant, and the defendant may, in proper case, demur thereto. In the special proceeding the plaintiff's initial pleading is presented ex parte to the court, before service on the defendant, and the court acts thereon, issuing either an order to show cause or an alternative writ of mandamus directed to the defendant. In either event, there is served upon the defendant, in the first instance, not only the initial pleading of the plaintiff, but the order or alternative mandate of

the court based upon such pleading.  A demurrer, properly speaking, is interposed by one party against the pleading of an adverse party before action of the court thereon.  A demurrer does not lie to an order of the court.  And where the court has acted upon the plaintiff's initial pleading ex parte, and issued its order or alternative mandate to the defendant, it is not entirely seemly, perhaps, to appear to disregard the intervening order or mandate of the court as a matter of form, and reach back by demurrer to the plaintiff's initial pleading, which is the basis thereof; and, certainly, it is the better and more accurate practice to apply to the court which issued the order or mandate to quash the same, upon the ground that the ex parte application, upon which such order or mandate was based, was not legally sufficient to justify the action of the court.  But it is not and should not be the law that a defendant in a special proceeding is precluded from objecting to the legal sufficiency of plaintiff's initial pleadings merely because the court has acted thereon ex parte before service upon, or notice to, the party defendant; and under such circumstances the office of the motion to quash the alternative writ or show cause order is identical with that of a demurrer in the ordinary civil action.  Wait's Prac. 5, 581; Barnet v. College of Physicians, 7 How. Prac. (N. Y.) 290; State v. N. Y., etc., Ry., 71 Conn. 43, 40 A. 925; Bleakly v. Barclay, 75 Kan. 462, 89 P. 906, 10 L. R. A. (N. S.) 230; State ex rel v. Olson, 30 S. D. 460, 139 N. W. 109, supra.  We believe a defendant in mandamus may move to quash the alternative writ or show cause order because of the insufficiency of plaintiff's application for the same upon any of the grounds and for any of the reasons which authorize a defendant to demur to a complaint in a civil action, and the function and effect of such motion to quash is identical with that of a demurrer.  The defendant having this right to attack the sufficiency of the plaintiff's initial pleading, it is probable that no great harm is done if he christens such attack a demurrer rather than a motion to quash.  That the distinction is a matter of nice practice and is of form, rather than substance, has found frequent recognition in the decisions of this court.  In State ex rel v. Menzie, 17 S. D. 535, 97 N. W. 745, this court, per Haney, J., treated a demurrer to the alternative writ in mandamus as unauthorized by the statute, but waived that point as a question of practice and

passed upon the merits.   In State v. Board of Commissioners, 36 S. D. 606, 156 N. W. 96, defendant interposed a general demurrer to an alternative writ of mandamus in an original proceeding in this court, and this court considered the questions thereby sought to be raised on the merits, without comment on the practice point as to whether defendant ought not to have moved to quash rather than to have demurred.   In the recent case of State ex rel v. Miers, 49 S. D. 96, 206 N. W. 236, this court considered the matter of a demurrer to the alternative writ without reference to the practice point, and it may be noted that the inference from the decision in the Miers Case, last mentioned, is that an order overruling a demurrer to the alternative writ (or a motion to quash the same) is appealable; else it would be manifestly unfair to hold, as was held in the Miers Case, that the defendant, by thereafter answering and going to trial on the merits, waived his demurrer and could not be heard upon the points thereby made on an appeal from the final order in the cause.

Our statute with reference to appealable orders was originally taken almost verbatim (section 23, c. 20, Laws Dakota 1887) from the Wisconsin statute (section 10, c. 264, Laws of Wisconsin 1860), as pointed out in White v. C. M. & St. P. Ry. Co., 5 Dak. 508, 41 N. W. 730, and the statute has since continued practically without change in both states (section 3168, Rev. Code S. D. 1919, above quoted; section 3069, Wisconsin Statutes 1921).   This identical question has been before the Supreme Court of Wisconsin, who held, in substance, that an order denying a motion to quash the alternative writ amounted to an order overruling a demurrer, and was appealable under the third subdivision of the statute. State ex rel v. Thompson, 149 Wis. 488, 137 N. W. 20, 43 L. R. A. (N. S.) 339, Ann. Cas. 1913C, 774, approved on this point in State ex rel. v. Haugen, 168 Wis. 253, 169 N. W. 555, and State ex rel v. Hull, 168 Wis. 269, 169 N. W. 617.   We believe the reasoning and ruling of the Wisconsin court on this point to be sound.

It is true that we have several times announced the substance of the proposition stated by Gates, J., in Campbell v. City of Watertown, 46 S. D. 574, 195 N. W. 442, in the following language:

"In order to be appealable, an order made in a special pro-

ceeding must affect a substantial right and also be a final order. Rev. Code 1919, § 3168, subd. 2."

In those cases, however, the distinction which the court had in mind was between such orders in "actions" as are appealable, under subdivision 1 of the statute, and the more limited class of orders in "special proceedings" appealable under subdivision 2 of the statute, and was seeking to emphasize the proposition that subdivision 1 of the statute is not applicable to orders in "special proceedings," as distinguished from orders in "actions." We think the broad language of the court in the Campbell Case, supra, and other similar pronouncements must be limited to matters such as the court then had under consideration, and that such language should not be extended to prevent the appeal, under subdivision 3 of the statute, of an order sustaining or overruling a demurrer in a special proceeding, or of an order granting or denying a motion to quash the alternative writ in mandamus, which amounts, in substance and effect, to a ruling on a demurrer. This is particularly true in view of section 2995, Rev. Code 1919, which provides, in substance, that the general statutory provisions relating to new trials and appeals shall apply to special proceedings excepting in so far as such general provisions may be inconsistent with the provisions of the chapter (section 2991 to section 3022, Rev. Code 1919) dealing with special proceedings. We hold that the appeal in the instant case will lie under subdivision 3 of the statute, and an order will be entered denying respondent's motion to dismiss the appeal.

GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.