STATE ex rel. COWAN, District Attorney, v. STATE HIGHWAY COMMISSION et al.

STATE ex rel. GILLESPIE, District Attorney, v. SAME.

(Division A. May 17, 1943. Suggestion of Error Overruled Sept. 27, 1943.)

[13 So. (2d) 614. Nos. 35286, 35289.]

658

Jones & Ray, of Jackson, and **Evelyn Hunt Conner** and **Gex & Gex**, all of Bay St. Louis, for appellants.

664

666

Greek L. Rice, Attorney General, by Russell Wright, Assistant Attorney General, E. S. Richardson, of Philadelphia, H. W. Hobbs, of Jackson, and B. H. Loving, of West Point, for appellee.

668

**Roberds, J.,** delivered the opinion of the court.

These cases involve the same subject matter and they will be considered and decided together. In both cases, Hancock County seeks, by mandamus, to compel the Mississippi State Highway Commission to appraise, and reimburse that county its proportionate value of, a bridge constructed by Hancock and Harrison Counties across the Bay of St. Louis, under authority of Chapter 512, Local Laws of Mississippi 1924, which bridge connects the two counties and had been taken over by the Highway Commission, and had become a part of United States Highway 90, which highway begins at the Louisiana line and extends eastwardly across this state to the Alabama line.

The right of reimbursement is claimed by virtue of Chapter 122, Code of 1930, as amended by Chapter 190, General Laws of Mississippi, 1936, and especially Section 5004 of said Code. In both proceedings the State Highway Commission and its three commissioners were made defendants. The main difference in the two cases is that in the first, No. 35,289, the proceeding was instituted in Hancock County on the relation of R. C. Cowan, district

attorney for the second judicial district of Mississippi, in which Hancock is located, and, by the court, transferred to Hinds County, and the second, No. 35,286, was later instituted in Hinds County on relation of Hugh B. Gillespie, district attorney for the seventh judicial district, in which judicial district Hinds County is, but Hancock County is not, located.

This was the course of the proceedings in the first case: Defendants (called Commission hereinafter), filed two motions—one to dismiss for lack of jurisdiction of the Hancock County circuit court to try the issues, and the other objecting to the venue there and asking for a transfer of the case to Hinds County, under Chapter 233, Laws of 1940. The trial judge overruled the first but sustained the second motion.

Appellant (hereinafter called Hancock County) moved the Hinds County court to retransfer the case to Hancock County, which motion was denied.

Hancock County and Hugh B. Gillespie then asked that Gillespie be permitted to be joined as a party plaintiff in the case. The motion was overruled.

The Commission then moved for dismissal of the case for lack of authority in Cowan to maintain the action in Hinds County. It also demurred on numerous grounds. The court, in one general order, sustained the motion and the demurrer, and granted an appeal therefrom to this court.

In the second proceeding, No. 35,286, Commission moved to dismiss the case on the ground that the action could only be brought on the relation of the Attorney General of Mississippi, but, if mistaken in this, that Gillespie had no authority, or right, to bring the suit for a county located outside of his judicial district, and that, therefore, the circuit court of Hinds County had no jurisdiction to try the case. The court sustained that motion and granted an appeal to this court from that order.

The questions presented by these appeals fall into two general classes—those of venue and procedure and those

arising under the general demurrer. Under the first class, it is the position of the Commission that the venue of this action lies only in Hinds County; that Gillespie has no authority to bring an action for the use of a county which is located outside of his district; that Cowan has no such authority to maintain an action outside of the territorial limits of his district, although the county so represented is within such territorial limits, and that, in any and all circumstances, only the Attorney General of Mississippi possesses the right and authority to institute and maintain this kind of action on behalf of any county in the state.

Hancock County takes issue on each and all of these contentions, and, in addition, says this action can be maintained in Hancock, as well as in Hinds, County. Details of the grounds of the demurrer will be set out later.

We will first decide the question of venue. Section 2349, Code of 1930, provides that the petition for mandamus against a corporation shall be filed in the circuit court in which the corporate defendant shall reside or be found.

Section 5006(c), Code 1930, creates the Commission into a domestic body corporate, "and as such may sue and be sued." Other sections of Chapter 122, said Code, locate the permanent office of the Commission in the City of Jackson, Hinds County, where the seal of the corporation and all of its minutes, books, papers, documents and records shall be kept, subject to the inspection of the general public, in the custody of the secretary of the Commission, who has his permanent office in said city, and in which city the Commission must hold its regular meetings on the second Tuesday of each month.

Section 495, Code of 1930, amended by Chapter 248, Laws 1940, as to public officers, requires civil actions against domestic corporations to be brought in the county in which the corporation is domiciled, or the cause of action may occur or accrue, except where otherwise pro-

vided in special cases, such as trespass upon land, this case not being within the named exceptions.

Mandamus is a purely personal action. The entire object of the proceeding herein is to require personal action by the Commission. The fact that the property to be appraised is located in Hancock County does not give the action a local situs in that county. Considering all of the foregoing statutes together, and the nature and functions of the Highway Commission, it is our opinion that the venue of this action is in Hinds County. This conclusion is reinforced by the fact, as set out in the petition, that Hancock County, before instituting either of these proceedings, made written demand upon the Commission at Jackson that it appraise and pay for this bridge, which demand was refused officially by a minute on the records of the Commission made and entered at Jackson. It might be added that in these cases the Commission cannot complain on this point, the transfer of the case from Hancock to Hinds County being made upon its motion, unless the Hinds County court is entirely without jurisdiction. 67 C. J. 224, Sec. 369.

In the second case, the proceeding was initiated on the relation of a district attorney for a county located outside of the territory of his district. Did he have that authority? We do not think so. The territory of such districts is defined by the statutes. They are entirely separate. A district attorney is elected in each by the electors in that district. While this action is technically in the name of the state, it is in reality for the use and benefit of Hancock County. Whatever may be realized will be paid to that county. It is the real plaintiff. Section 4363, Code of 1930, authorizes the district attorney to appear in all civil cases "in which . . . any county within his district may be interested; but if two or more counties are adversely interested, the district attorney shall not represent either." No county within Gillespie's district could have any interest in this litigation, except, perhaps, a remote adverse financial interest to that of

petitioner. We hold that a district attorney has no authority to initiate an action for the sole use and benefit of a county located outside of his district. Section 2348, Code of 1930, throws no light on this question, and Capitol Stages, Inc., v. State, ex rel. Hewitt, District Attorney, 157 Miss. 576, 128 So. 759, cited by Commission, does not condemn, but supports, this conclusion.

It is next contended that Cowan has no authority to maintain the action in Hinds County. We can see no reason for prohibiting his doing so. It is not perceived why one having authority to sue has not the right to resort to the venue where the suit must be brought. He instituted this action in Hancock County, within his district, and it was transferred to Hinds County over his protest on motion of the Commission. The question of the right, duty and power of a district attorney to follow litigation out of his district, where instituted therein, has usually arisen in criminal cases, and has involved the right to compensation for services and the construction of statutes in each case. 18 C. J. 1311, Sec. 36; 27 C. J. S., District and Prosecuting Attorneys, Sec. 12. There appears to be no Mississippi case deciding this question. The State of Oregon had a statute making it the duty of the district attorney to prosecute or defend "all actions, suits or proceeding in any county in his district to which the state or such county may be a party." Section 945, Oregon Civil Code. Under that statute, it was the duty of the district attorney to defend an action of ejectment against a county within his district although the venue of the action was outside of his district. Moreland v. Marion County, 17 Fed. Cas. 741, Case No. 9,794. Cowan has the authority to maintain in Hinds County the present action, No. 35,289, for the benefit of Hancock County. This renders it unnecessary for us to decide whether the lower court erred in denying the motion of Gillespie to be joined as plaintiff in that case.

It is next contended by the Commission that neither district attorney has the power to appear in either action;

that this power rests only in the Attorney General of Mississippi. The reasoning of the Commission leads to this: The action must be brought in Hinds County; Cowan cannot bring it there because the situs of the action is outside his district; Gillespie cannot bring it there, or elsewhere, because Hancock County is outside of his district, and neither district attorney can bring it anywhere because only the Attorney General has that power. The Attorney General is here representing the Commission. Therefore, if these contentions are upheld, Hancock County is without a remedy to enforce whatever rights it may have, for this court has already held in Hancock County v. State Highway Commission, 188 Miss. 158, 193 So. 808, a petition for mandamus pertaining to the same subject matter as the present proceedings, that Hancock County had no authority to maintain the action in its own name and right; that this must be done either on the relation of the Attorney General or a district attorney.

Section 2348, Code of 1930, authorizes the filing in a circuit court of a petition for mandamus on relation of a district attorney. Section 4363, said Code, makes it the duty of the district attorney to prosecute all criminal and civil actions where ''. . . any county within his district may be interested,'' unless there is a conflict of interest between the counties within his district.

Section 3665, said Code, makes it the duty of the Attorney General to prosecute and defend for the counties ''all causes to which any county may be a party, unless the interest of the county be adverse to the state or some officer thereof acting in his official capacity, or to some other county.'' The Commission makes the unique argument that only the Attorney General can bring this action for the county because the entire state will be affected if the county recovers, but that, in such case, it is the duty of the Attorney General to represent the entire state.

The Commission cites as authority for its contention Capitol Stages, Inc., v. State, supra. That was a case brought in the name of the state on relation of Hewitt.

District Attorney, to prevent, by injunction, the use by the Greyhound Lines of a state highway through three counties in the district of Hewitt. The court held that district attorneys "have no authority to represent the state in any litigation in their districts where the subject-matter of such litigation is of state-wide interest, as distinguished from local interest, except as provided by . . ." said Section 4363, and that "As to all litigation, the subject-matter of which is of state-wide interest, the Attorney General alone has the right to represent the state" [157 Miss. 576, 128 So. 764] That case is readily distinguishable from this. The right of Hancock County to reimbursement is purely local to that county; the fact, if it be a fact, within the purview of the contention, that the payment by the Highway Commission of the money to that county for that purpose makes the question state-wide, is reason for the Attorney General to defend on the part of the Commission, but is certainly no reason why he should prosecute on behalf of the county.

Again, by Section 3663, Code of 1930, it is made the duty of the Attorney General to advise, and give opinions in writing to, the Highway Commission when by it so requested, and since the Commission, by official action, has, as shown above, refused the request of Hancock County to appraise and pay for the bridge in question, and the Attorney General represented the Commission in the former litigation between that county and the Commission, presumably the Commission has been and is acting on the advice of the Attorney General, and it cannot be said, with reason, that it is also the duty and the power alone of the Attorney General to represent the county in this litigation.

The court foreshadowed this question in Madison County v. Mississippi State Highway Commission, 191 Miss. 192, 198 So. 284, 287, supra, when it said ". . . the circuit court is vested with full power under section 2348 of the Code, supra, to grant relief by mandamus on petition of the state, by its attorney general, or a district attorney . . ."

The right to bring this action, under the facts and circumstances here existing, is not in the Attorney General exclusively; Cowan, the district attorney in the second judicial district, also has such right.

Turning now to the demurrer, while it sets out some thirty grounds, many of them overlap and pertain to the same point, making it necessary that we discuss in detail only five of them.

The Commission says it is within its discretion whether it will appraise and pay for the pavement on the bridge in question, and invokes the well-known rule that in such cases mandamus will not lie to make it do so. Hancock County says this duty is mandatory, but if discretionary, the refusal of the Commission so to do is such a manifest abuse of discretion as that a court can, and should, require that it do so. The petition sets out, and, of course, the demurrer admits, that Hancock County, in conjunction with Harrison County, acting by authority of Chapter 512, Local Laws of Mississippi 1924, did construct, under supervision of the Highway Department of Mississippi and as a part of United States Highway 90, and at large expense, the bridge in question, paying therefor partly by cash on hand and partly by proceeds of the sale of bonds of the county issued for such purpose by virtue of said local act, such construction having been completed before 1930, the acceptance of and payment for the bridge by the county being upon the recommendation of the engineers of the State Highway Department. The petition, as amended, exhibited copies of all the minutes and proceedings of the supervisors concerning the construction of and payment for the bridge and the issuance of bonds therefor.

The petition then refers to the enactment by the Legislature of Mississippi of Chapter 47, Laws of 1930 (brought forward into the Code of 1930 as Chapter 122), creating the State Highway Commission, as a corporate body, to be in the control and charge of three Commissioners, to be elected from three districts in the state, and

which Commission is vested with extensive powers and charged with many and important duties in the construction of a vast highway system of public roads throughout the state; that by Section 4996, said Code (amended by Chapter 396, Laws 1934) and Chapter 190, Laws 1936, said Commission is charged with the duty of acquiring and taking over from the counties, constructing and maintaining certain specified highways, among which is U. S. Highway No. 90, above herein described, and that the Commission has complied with the statutory command as to said Highway 90; that by Section 5004, said Code, it is provided:

"Whenever in the due course of the construction program of the state highway commission the time shall be reached when any paved highway or section thereof heretofore built in whole or in part at local expense would have been regularly constructed as a part of such program, and connection is made with such paved highway and same becomes a part of a continuous paved state highway; the state highway commission shall cause to be appraised the pavement on said highway, or the portion or portions thereof that is to be utilized as a part of the final location of the continuous completed paved state highway so connected. Such appraisal shall take into consideration the original cost of such pavement and the wear, depreciation and deterioration of same, and the state highway commission shall pay to the local unit at whose expense the road was constructed the proportionate part contributed or paid by said local unit represented in the then existing appraised value. Such payment may be made under such terms as may be agreed upon with the governing body of such local unit, but in no case shall reimbursement be made in less than ten nor more than twenty approximately equal annual payments;" that the conditions described by said section have come about; that said bridge is paved and it has been taken over by said Commission and has become an integral and continuous part of said Highway 90, and the expense of

constructing the bridge would have been regularly a part of the construction of said highway; that written demand has been made by Hancock County upon the Commission for payment, which demand the Commission has denied.

In the Madison County case, supra, this court said: ''If the statute invoked by the appellant is effectual to require the appellee to cause the appraisement to be made, then the circuit court is vested with full power under section 2348 of the Code, supra, to grant relief by mandamus on petition of the state, by its attorney general, or a district attorney, at least to the point of compelling the appellee to cause the links or sections of the highway referred to in the bill of complaint to be appraised, and may also punish as for contempt any refusal to obey its mandate under section 2353 of the said Code of 1930.''

It will be noted that the wording of Section 5004 is that, when the described conditions come about, ''the state highway commission shall cause to be appraised the pavement on said highway,'' and, ''shall pay'' therefor. The word shall, directed as it is by the legislature to the creature of its own creation, the Highway Commission, is not doubtful; the command is positive and clear; it leaves no discretion in the Commission.

It is also urged, as an intendment fairly deducible from the various statutes, that the legislature intended to take over the county roads and bridges without paying anything therefor. The title to Section 5004 is ''Reimbursement for pavement already constructed.'' The section prescribes in detail the manner and the limits how and within which the reimbursements are to be made, including the method of handling outstanding bonds of the counties, rate of interest, etc. The statute would be without object and meaning if the asserted contention should prevail.

It is next said the petition cannot be granted because it fails to allege that the Commission has the money on hand with which to comply therewith. The wording of

the petition is "That the said State Highway Commission has funds available and has the right to appropriate such funds for the purpose herein set out; or is vested with authority and by virtue of the General Laws of the State of Mississippi, are required to issue bonds for said purposes." This statement, of course, is not denied by the demurrer. The allegation of fact is perhaps sufficient to meet the contention, but, if not, the above quotation from the Madison County case requires at least an appraisal by the Commission.

The action which the court should, or the legislature may, adopt to pay the amount ascertained by the appraisal, can best be determined upon a development of the then existing availability of funds for such purpose. But in connection with the point here made see Board of Supervisors of Monroe County v. State, 63 Miss. 135.

It is further said that Section 5004 is unconstitutional because (1) it provides for a gift or a donation of public funds, and (2) that Section 170 of the Constitution of Mississippi authorizes the legislature to enact statutes only for the "construction and maintenance" of state highways, and that the expenditures provided for by said section are not for those purposes.

The section of the Constitution violated by the gift or donation theory is not pointed out. However, it is sufficient to say that such expenditure is not a gift or donation; the state will receive value therefor. But for the existence of the pavement, the state would have to construct it. It would seem the state receives more than value for the pavement; it receives and uses the road bed, the road, and the entire structure, whereas it appears from the section (although the point is not raised in this case) that it is only required to pay for the pavement thereon—not the original cost, but in the condition it is in at the time it is appraised.

On these second constitutional objection, this court, in Trahan v. Highway Department, 169 Miss. 732, 151 So.

178, 179, held the highway act constitutional. If the effect of that decision is not to pass specifically upon the constitutionality of Section 5004, we now say that we think the contention is not sustainable because in our opinion the words ''construction and maintenance'' in Section 170 of the Constitution should be given a broad rather than a narrow construction, and that they include the right to pay for a necessary link of roadway already constructed and in existence. This bridge connects Harrison and Hancock Counties over the Bay of St. Louis and is a connecting and continuous part of Highway 90.

But for its existence, the Commission would have had to construct it in carrying out the mandate of the legislature to take over, construct and maintain Highway 90 as a primary road across the state.

Case No. 35,286 is affirmed; Case No. 35,289 is reversed and remanded.