STATE of Oklahoma ex rel. STATE DRY CLEANERS' BOARD, Plaintiff,

v.

DISTRICT COURT OF NOWATA COUNTY, State of Oklahoma, and Laton L. Doty, Judge of the District Court of Nowata County, State of Oklahoma, Defendants.

No. 38689.

Supreme Court of Oklahoma.
June 16, 1959.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for plaintiff.

Busby, Stanfield, Deaton & West, by Lee West, Ada, for State Dry Cleaners Assn.

Jack E. Gordon (of Bassman & Gordon), Claremore (Warren Watkins, Claremore), of counsel, for defendants.

JACKSON, Justice.

Petitioner seeks a writ prohibiting the District Court of Nowata County, and its judge, from proceeding further in an action pending in said court. Petitioner contends that the venue of said action is in Oklahoma County, the county of its official residence, rather than in Nowata County.

Respondent herein, A. Archer, filed said action in the District Court of Nowata County against petitioner, the State of Oklahoma ex rel. The State Dry Cleaners' Board. Respondent is a licensed cleaning, pressing and dyeing operator. The purpose of the action is to obtain a judgment declaring 59 O.S.1951 §§ 757 and 758 of the Cleaners, Dyers and Pressers Act unconstitutional, or in the alternative to establish, by judicial decree, a *temporary*

price differential between prices for "cash and carry" and "pick-up and delivery" service in Nowata County, and to mandamus the Board to hold a hearing in Nowata County for the purpose of establishing a reasonable price differential.

Sec. 757 authorizes the Board to establish minimum prices for dry cleaning services in each county, and to adjust and refix such prices if it determines that the prices previously fixed are insufficient. Sec. 758 provides for notice of the hearing. Sec. 759 authorizes any party deeming himself aggrieved to file a proceeding in the District Court within 10 days after receipt of a copy of the Board's order.

Petitioner admits that a proceeding under Sec. 759 would be properly filed in the District Court of Nowata County, but correctly asserts that the action here involved cannot qualify as a proceeding under said section for numerous reasons. Respondent does not contend to the contrary. In the petition filed in the District Court there is no reference to a specific order of the Board. The plaintiff merely states that the price regulations in effect throughout the state are void because they are based upon unconstitutional statutes, and that if such statutes are not unconstitutional, the failure of the Board to establish a price differential in Nowata County is a denial to the plaintiff of his constitutional rights.

The defendant in the District Court action, petitioner herein, filed a special appearance and motion to quash. This motion was overruled; whereupon petitioner filed this original proceeding for a writ of prohibition.

We will first consider the venue question in relation to the attack on the constitutionality of the statutes.

In the syllabus of State ex rel. State Bd. of Ed. v. District Court of Bryan County, Okl., 290 P.2d 413, 414, we held:

"Under Tit. 12, O.S.1951 § 133, actions against public officers for acts done 'in virtue, or under color' of their offices must be brought in the county where the causes or some part thereof arose.

"Accordingly, the proper venue of an action naming the individual members of the State Board of Education as defendants and seeking a judgment enjoining them from complying, as said Board, with the provisions of sec. 37 of House Bill No. 964 of the Twenty-Fifth Oklahoma Legislature, Tit. 70, Chap. A, S.L.1955, pages 433, 434, and declaring said law null and void, as unconstitutional, is in Oklahoma County, Oklahoma."

In the body of the opinion we said:

"And we do not think that for the purpose of determining the venue of the action here involved, the official acts of the State Board of Education can be divorced from, or be considered as being performed in a county other than, the one in which its office is located, though, as hereinbefore indicated it seems to be conceded that there is no statute requiring said board's meetings to be held in that county. * * *."

█ In his petition in the District Court respondent did not affirmatively pray for an injunction based upon the unconstitutionality of the statutes. But he does allege, in effect, that the Board is threatening to enforce the alleged unconstitutional sections against him; therefore, it might be said that he is seeking an injunction. If he is not seeking an injunction, then he is not entitled to a declaration that the sections are unconstitutional in this case. Such declaration could be made only as a predicate for the issuance of an injunction.

In his brief respondent attempts to distinguish the above cited case by the following language: "The Oklahoma Board of Education was not administering a Statute or Act which required hearings in each county due to the unique nature of the subject of the Statute or Act. The Board of Education was executing an Act designed to secure regularity and uniformity in supply and usage of certain textbooks, i. e., to create a State wide standard; this certainly cannot be declared as analogous to administration of hundreds of non-tax sup-

ported independent, individually licensed retail dry cleaning and pressing business men."

The fallacy in this argument is that it fails to consider that in the Bryan County case we specifically held that in an action to enjoin a State Board from enforcing an alleged unconstitutional statute, the cause of action arises in the county of the Board's official residence; and therefore by force of 12 O.S.1951 § 133, the action must be brought in such county. The fact that in the course of administering the act here involved the Board may proceed independently in the various counties is immaterial.

We now consider the alternative action in mandamus. In this connection respondent prays that the Board be ordered to conduct a hearing in Nowata County for the purpose of establishing a price differential between "cash and carry" and "pick-up and delivery" service.

We must determine where a cause of action for mandamus arises. We will assume, without deciding, that mandamus might, in a proper case, be available to compel the Board to hold a hearing for such purpose, and that such hearing would have to be held in the county where the change, if any, would be effective.

Our research fails to disclose that this court has ever passed upon the question of the proper venue for a mandamus action against a state official. Since the cause of action arises where the neglect or refusal on the part of the public official takes place, it might be argued that the alleged neglect in this case took place in Nowata County where the Board failed to hold the hearing. However, we are of the opinion that in an action for mandamus the cause of action arises in the county where the public official officially resides. It is at that place where he officially refuses to act or neglects to act.

In State ex rel. Hawley v. Industrial Commission, 137 Ohio St. 332, 30 N.E.2d 332, the syllabus by the court is as follows:

"A cause of action, if any, in a mandamus suit to compel the Industrial Commission to hear and allow a claim for workmen's compensation denied on rehearing to a relator who was injured in the course of his employment in any county in the state, arises in Franklin county, the official residence of the commission."

In the body of the opinion the court quoted an Ohio statute identical to ours laying venue in actions against public officials in the county where the cause of action arises. Thereafter, the court said:

"In considering the term 'cause of action' in its application to the litigation in hand, a distinction must be made between the claim of the relator for compensation and the facts which give rise to the case at bar. The right which the relator claims, and here asserts, is to have his compensation claim heard and allowed by the commission. The wrong which he claims in his petition to have suffered is the refusal of the commission to act on his claim. The relief sought is that the commission be required by the writ of mandamus to act upon and allow his claim. His alleged right, his claimed wrong, and the relief which he demands—the elements of his alleged cause of action which makes necessary the action itself—are all centered in the commission and its failure or refusal to act in its official capacity. Furthermore, a cause of action 'arises' at the place where the facts creating the necessity for bringing the action occur."

In State ex rel. Cowan v. State Highway Commission, 195 Miss. 657, 13 So.2d 614, 616, the court held that the proper venue of a mandamus action against the State Highway Commission to compel it to appraise and reimburse a county for its proportionate value of a bridge was in the county where the Highway Commission was located rather than in the county where the bridge was located. In the body of the opinion the court said:

"Mandamus is a purely personal action. The entire object of the proceed-

ing herein is to require personal action by the Commission. The fact that the property to be appraised is located in Hancock County does not give the action a local situs in that county. * * *."

Respondent's petition contained a further prayer that the court fix, and permit him to operate under a reasonable price differential until such time as the Board should establish one. Even if it were possible to frame a petition which would show that respondent was entitled to relief of this nature, the venue of such an action would not be in Nowata County. The only possible theory on which the District Court of Nowata County could grant such relief would be that the Board, having refused to perform its legal duty, had made respondent a proper subject for equitable relief. In such case the cause of action against the Board, if any, would have arisen in Oklahoma County where it neglected to perform its duty.

In our opinion the alleged causes of action did not arise in Nowata County; therefore, the writ of prohibition should be granted. It is so ordered.