McDONALD, Respondent v. STATE, Appellant

(199 N.W.2d 583)

(File No. 11016. Opinion filed July 24, 1972)

**Gordon J. Mydland,** Atty. Gen., **Carl W. Quist,** Highway Asst. Atty. Gen., **William J. Srstka, Jr.,** Asst. Atty. Gen., **Larry M. Von Wald,** Sp. Asst. Atty. Gen., Pierre, for defendants and appellants.
**Lynden D. Levitt,** Rapid City, for plaintiff and respondent.

WOLLMAN, Judge.

This is an appeal from an order denying defendants' motion for a change of venue from the Seventh Judicial Circuit, Pennington County, South Dakota to the Sixth Judicial Circuit, Hughes County, South Dakota.

On June 23, 1971, the Circuit Court of Pennington County issued an alternative writ of mandamus ordering the State of South Dakota and the individual defendants, who are public officers of the State of South Dakota, to disburse to the plaintiff, C. B. McDonald, all forms of compensation currently being withheld from him and to reinstate plaintiff in good standing as an employee of the Highway Right-of-Way Division of the South Dakota Department of Highways. The writ of mandamus was issued pursuant to the affidavit and application of plaintiff wherein he set forth that since 1963 he had been employed by the South Dakota State Highway Department in the Highway Right-of-Way Division; that he had developed certain rights in and to his job classification, seniority, vacation and sick leave benefits, retirement benefits and the like; that at no time from the date of his employment to the date of the application had he ever tendered his resignation to any of the defendants and that at no time since the date of his employment had he ever received from any state officer or member or employee of the South Dakota Department of Highways a notice of termination, dismissal, or reduction in force that would require plaintiff to avail himself of any administrative procedures or remedy; that since April 30, 1971 the defendants had withheld all forms of compensation from plaintiff; that plaintiff was entitled to all veterans' preferences afforded by SDCL 3-3; and that plaintiff had no plain, speedy and adequate remedy in the ordinary course of law.

Defendants' motion for change of venue was based upon that portion of SDCL 15-5-2 which reads as follows:

"Actions for the following causes, or upon the following instruments, must be tried in the county where the cause, or some part thereof, arose, or the forfeiture was declared, subject to the power of the court to change the place of trial: *  *  *

(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person, who, by his command or his aid, shall do anything touching the duties of such officer;"

The issue involved in this appeal is whether the cause of action or some part thereof arose in Pennington County or in Hughes County. Plaintiff argues that those acts that are required by South Dakota law to be done in Hughes County with respect to plaintiff's employment are merely of a mechanical nature and that the mechanical, or ministerial, act of drawing checks to the order of plaintiff in Hughes County should not control the venue of the action. He argues that these same checks must be endorsed by plaintiff in Pennington County and that the checks represent reimbursement for services rendered to the State of South Dakota by plaintiff in the course of his employment in and about Pennington County and that therefore the important part played by plaintiff in the performance of the mechanical acts performed by defendants establishes that the cause of action or some part thereof arose in Pennington County.

In the case of Meihak v. Schreckenghaust, 67 S.D. 603, 297 N.W. 122, this court was faced with the question of the proper venue of an alleged cause of action for false imprisonment against the sheriff and deputy sheriff of Meade County, South Dakota, who had allegedly arrested plaintiff in Meade County and later confined him in jail in Pennington County. In the course of holding that the action was properly venued in Pennington County because it was based in part upon the imprisonment in that county, the court stated that:

"The right conferred on a defendant to have the place of trial changed to the proper county is a substantial right, and the court has no discretion except to hear and grant an application based upon a ground which entitles a defendant to a change provided a timely demand and motion in due form are made. Smail v. Gilruth, 8 S.D. 287, 66 N.W. 452; Ivanusch v. Great

Northern Ry. Co., 26 S.D. 158, 128 N.W. 333; see, also Olson v. City of Sioux Falls, 63 S.D. 563, 262 N.W. 85, 103 A.L.R. 1022.   *   *   *

"If a public officer be charged with 'an act done by him in virtue of his office,' the action must be tried in the county where the cause of action or some part thereof arose. The nature of an action, when the place of trial is in question, is determined by the allegations of the complaint. It sufficiently appears from the complaint that the acts complained of were committed by each of these defendants 'in virtue of his office.' "

■   Plaintiff argues that SDCL 21-33, Appeals from Administrative Agencies, is controlling in the instant case and that venue is governed by SDCL 21-33-7, which states in part:

"The venue of the appeal shall be as follows:

(1) If the appellant is a resident of this state, to the circuit court of the county of his residence or to the circuit court of Hughes county, as he may elect;"

We agree with defendants' contention that SDCL 21-33 is not applicable to this case inasmuch as plaintiff has not elected to proceed under the provisions of that chapter.

Because plaintiff did not elect to frame his action in the nature of an appeal under the provisions of SDCL 21-33, we need not consider whether it would have been proper for him to do so in the circumstances of this case. We have considered plaintiff's argument that he has been precluded from the possibility of determining whether administrative decisions have been made affecting his interests because of the nature of the conduct of the defendants in withholding his paychecks without notifying him that his employment had been terminated. Although it is not clear whether plaintiff intends by this argument to raise the specter of a calculated program of harassment by the defendants towards certain employees of the South Dakota Highway Department, we cannot on the face of this record assume or even infer that the

withholding of plaintiff's paychecks was a carefully calculated plan to deny plaintiff an administrative remedy by way of appeal to the circuit court in the county of his residence.

Plaintiff argues that SDCL 15-5-2 is inapplicable in the instant case because a mandamus proceeding is not an "action" but rather a special proceeding, citing the case of Mitchell National Bank v. Jones, 51 S.D. 202, 212 N.W. 919, 920, where the court said: "It is undoubtedly true that mandamus is a 'special proceeding,' as distinguished from an 'action.' " However, the court went on to hold that an application for a writ of mandamus in the form of affidavit was sufficiently analogous to a complaint in a civil action to permit a defendant to move to quash the alternative writ because of the insufficiency of plaintiff's application upon any of the grounds and for any of the reasons which then authorized a defendant to demur to a complaint in a civil action. The court recognized the fact that the distinction between a motion to quash the alternaitve writ and a demurrer was a matter of nice practice and was of form rather than substance.

Our attention has not been directed to any statute that specifically controls venue in mandamus proceedings. It is interesting to note that SDCL 3-3-3, contained within the chapter which grants veterans certain preferential rights in public employment to which plaintiff claims he is entitled, states that:

> "A refusal to allow said preference, or a reduction of the salary for said position with intent to bring about the resignation or discharge of the incumbent, shall entitle the applicant or incumbent, as the case may be, **to maintain an action of mandamus** to right the wrong." (emphasis added)

■ ■ In the absence of any specific statutory direction to the contrary, we conclude that although a mandamus proceeding is technically denominated a special proceeding rather than an action, Mitchell National Bank v. Jones, supra, McFarland v. Chicago, M. & St. P. Ry. Co., 51 S.D. 85, 212 N.W. 493, Smith v. Otter Tail Power Co., 80 S.D. 327, 123 N.W.2d 169, see also SDCL 15-6-81(a) and Appendix A, the distinction is important primarily

in terms of the nature and scope of the remedy provided by the writ of mandamus rather than in terms of venue. Accordingly, we hold that SDCL 15-5-2(2) is applicable in the instant case.

We turn to the question of determining where the cause of action arose. In the case of State of Oklahoma ex rel. State Dry Cleaners' Board v. District Court of Nowata County, Okl., 340 P.2d 939, the operator of a dry cleaning establishment applied for a writ of mandamus compelling the State Dry Cleaners' Board to hold a hearing. In ruling on this question, the Oklahoma Supreme Court stated that:

> "Our research fails to disclose that this court has ever passed upon the question of the proper venue for a mandamus action against a state official. Since the cause of action arises where the neglect or refusal on the part of the public official takes place, it might be argued that the alleged neglect in this case took place in Nowata County where the Board failed to hold the hearing. However, we are of the opinion that in an action for mandamus the cause of action arises in the county where the public official officially resides. It is at that place where he officially refuses to act or neglects to act."

The case of State ex rel. Hawley v. Industrial Commission, 137 Ohio St. 332, 30 N.E.2d 332, involved a mandamus action to compel the Industrial Commission to hear and allow a claim for compensation. The Ohio statute in question read in part:

> " 'Actions for the following causes must be brought in the county where the cause of action or a part thereof arose: * * * 2. Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty.' "

In holding that the mandamus proceeding must be brought in the county of the official residence of the Industrial Commission, the Ohio Supreme Court stated that:

"A 'cause of action' arises out of the right and the wrong on which the action is based. It is 'the fact or combination of facts which gives rise to a grant of action, the existence of which affords a party a right to judicial interference in his behalf. (citations omitted)

"In considering the term 'cause of action' in its application to the litigation in hand, a distinction must be made between the claim of the relator for compensation and the facts which give rise to the case at bar. The right which the relator claims, and here asserts, is to have his compensation claim heard and allowed by the commission. The wrong which he claims in his petition to have suffered is the refusal of the commission to act on his claim. The relief sought is that the commission be required by the writ of mandamus to act upon and allow his claim. His alleged right, his claimed wrong, and the relief which he demands — the elements of his alleged cause of action which makes necessary the action itself — are all centered in the commission and its failure or refusal to act in its official capacity. Furthermore, a cause of action 'arises' at the place where the facts creating the necessity for bringing the action occur." (Citations omitted)

The same Ohio venue statute was again considered by the Ohio Supreme Court in the case of State ex rel. Barber v. Rhodes, 165 Ohio St. 414, 136 N.E.2d 60, which involved an action by Fulton County, Ohio, against certain state and county officials to recover certain alleged overpayments to the State of Ohio for support of inmates in a state institution. The court held that the cause of action, if any, arose in the county where the official duties of the officers representing the State of Ohio as to the matter in question were performed or carried on. In the case of State ex rel. Cowan v. State Highway Commission, 195 Miss. 657, 13 So.2d 614, the court held that the proper venue of a mandamus action against the state highway commission to compel it to appraise and reimburse a county for its proportionate value of a bridge

was in the county where the highway commission was located rather than in the county where the bridge was located. See also State ex rel. Stephens v. District Court, 43 Mont. 571, 118 P. 268.

■ We have considered several California decisions construing California Code of Civil Procedure, § 393(1) (b), which is substantially the same as SDCL 15-5-2(2). Cecil v. Superior Court, 59 Cal.App.2d 793, 140 P.2d 125; Duval v. Contractors State License Board, 125 Cal.App.2d 532, 271 P.2d 194; Lynch v. Superior Court, 7 Cal.App.3d 929, 86 Cal.Rptr. 925; Regents of University of California v. Superior Court, 3 Cal.3d 529, 91 Cal.Rptr. 57, 476 P.2d 457. While the reasoning of these cases is persuasive in the light of the particular fact situations involved therein, we conclude that because of the nature of the defendants' acts in the instant case, as alleged in plaintiff's application and affidavit for a writ of mandamus, plaintiff's cause of action, if any, arose in Hughes County. We hold only that in the particular circumstances of this case petitioner's cause of action arose in Hughes County and that the trial court should have granted defendants' motion for change of venue.

Accordingly, the order denying the motion for change of venue is reversed.

BIEGELMEIER and WINANS, JJ., concur.

HANSON, P. J., dissents.

DOYLE, J., not having been a member of the court at the time of argument, took no part in this decision.

HANSON, Presiding Judge (dissenting).

I would affirm.

Our venue statute relating to actions against a public officer is flexible and transitory in nature. It provides in the alternative that such actions "must be tried in the county where the cause, or some part thereof, arose". SDCL 15-5-2.

The ultimate issue in this proceeding is whether or not plaintiff's employment by the State Highway Department in Pennington County was properly or legally terminated. Obviously, "some part of the cause of action" arose in Pennington County where plaintiff was employed and his dismissal took place. As the California Court characterized the effect of administrative action by a state official "It is where the shaft strikes him, not where it is drawn, that counts." Cecil v. Superior Court in and for Los Angeles County, 59 Cal.App.2d 793, 140 P.2d 125 and see Lynch v. Superior Court, 7 Cal.App.3d 929, 86 Cal.Rptr. 925 relating to the dismissal of a state employee.

The injury to plaintiff occurred in Pennington County and he should not be compelled to travel to the seat of government to seek redress. Therefore, because of the permissive and transitory nature of our statute it is my opinion this proceeding could properly be venued in either Pennington or Hughes County. As it was instituted in Pennington County it should remain there for trial.