[Civ. No. 4780.   Fourth Dist.   May 26, 1954.]

LEONARD J. DUVAL et al., Appellants, v. CONTRACTORS STATE LICENSE BOARD et al., Respondents.

J. Frederic Rosen, Cunningham, Parry & Holcomb and Thomas C. Parry for Appellants.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Respondents.

BARNARD, P. J.—This is an appeal from an order changing the venue of a proceeding from the Superior Court of San Bernardino County to the Superior Court of Los Angeles County.

The proceeding is one for a statutory writ of mandate, under section 1094.5 of the Code of Civil Procedure, to review the validity of a final order of the Registrar of Contractors revoking the licenses of the petitioners, for an alleged violation of certain provisions of the Business and Professions Code. The petitioner had their principal place of business in San Bernardino County with a branch office in Riverside County, and the charges arose in connection with contracts being performed in both counties.  For the convenience of witnesses the administrative hearing on the charges was held in Riverside County.

The hearing officer prepared a proposed decision which was forwarded to the Registrar of Contractors at his main office in Sacramento where he approved and adopted it, and made an order revoking these licenses.

In response to an alternative writ of mandate issued by the superior court of San Bernardino County the respondents filed a return and a motion for change of venue. After a hearing the court granted the motion and ordered the proceeding transferred to the superior court of Los Angeles County.

■ On this appeal from that order, the petitioners contend that the venue of this proceeding is governed by section 393, subdivision (b), of the Code of Civil Procedure and rely on the decision in *Cecil* v. *Superior Court*, 59 Cal.App.2d 793 [140 P.2d 125]. It was there held that in such a proceeding to review an order, the effect of which is to deprive a citizen of the right to do business, the proper county for trial ''is the county in which he carries on the business and in which he will be hurt by enforcement of the order.'' The respondents contend that the rule there applied has been changed by subsequent legislation; that in 1945 section 11508 of the Government Code and section 1094.5 of the Code of Civil Procedure were adopted on recommendation of the judicial council, the first providing that administrative hearings shall be held in Los Angeles, San Francisco or Sacramento, or nearer the place where the transaction occurred or the respondent resides at the discretion of the state agency, and the second providing for writs of mandate to test the validity of administrative orders, but saying nothing about where applications for such writs should be heard; that because of the unsatisfactory condition created by the ruling in the Cecil case the Legislature, in 1945, added section 16050 to the Government Code (based in part upon former Pol. Code, § 688) ; that this section made a change of venue to Sacramento County mandatory upon demand of the attorney general ''in nonclaim cases''; that in 1947, on suggestion of The State Bar, section 401 of the Code of Civil Procedure was adopted to provide that whenever an action is required by any law to be commenced in or removed to Sacramento County it may be commenced in or tried in any county in which the attorney general maintains an office; that section 401 must be read with 16050 of the Government Code; and that these sections require the removal of this proceeding to Los Angeles County.

Section 393, subdivision (b), provides that the proper county

for trial of an action against a public officer for an act done by him in virtue of his office is the county in which the cause, or some part thereof, arose. That has long been the law in this state, it was wisely applied in *Cecil* v. *Superior Court*, and it would seem reasonable that if the Legislature had intended to change that law, by statutes adopted since 1943, it would have more definitely expressed such an intention. Section 11508 of the Government Code provides for the venue of administrative hearings before a state agency but section 1094.5 of the Code of Civil Procedure, adopted at the same time and providing for writs of mandate to test the validity of administrative orders, is significantly silent on the venue of such proceedings. Section 1094.5 was added to the chapter of the code entitled "Writ of Mandate" which contains the general rules in that connection. Section 1085, the first real section in that chapter, provides that a writ of mandate may be issued by any court except a municipal or justice court. That section would logically seem to apply to the writ of mandate described in section 1094.5, in the absence of anything showing a contrary intent. Section 1085 was again amended in 1951 without making any change in that regard.

Section 16050 of the Government Code was placed in part 1 of division 4, entitled "Claims against the State" and in chapter 3 of that part. The earlier chapters of that part relate to the filing of claims against the state and their approval by the state controller or board of control. Chapter 3 is entitled "Actions." Section 16041 provides that any person who has a claim against the state "(1) on express contract, (2) for negligence, or (3) for the taking or damaging of private property for public use," shall present a claim to the board, and that if the claim is disallowed the claimant may bring an action against the state and prosecute it to final judgment "subject to the conditions prescribed by this chapter." One of the conditions thus prescribed is found in section 16050, where it is provided that the proper court for trial of actions for the taking of private property for public use is in the county in which the property is situated, and that the place of trial "in other actions" shall be changed to Sacramento County upon written demand of the attorney general. This seems to have been intended to refer to the three kinds of actions mentioned in section 16041 and being dealt with in that chapter, giving the attorney general the right to remove those designated by (1) and (2) to Sacramento County. Section 16050 is followed by a provision in the next

section to the effect that if judgment is rendered for the plaintiff no costs shall be allowed.

Section 16050 of the Government Code is the only statute which could be interpreted as requiring the trial of this proceeding in Sacramento County, and the only one to which section 401 of the Code of Civil Procedure could be applied, permitting its removal to any county in which the attorney general has an office. If these two sections must be read together, as argued by the respondents, they refer to the actions on claims against the state which are mentioned in section 16041, and with which that chapter is concerned. If these sections were to be taken as disclosing an implied intention to change the rule applied in the Cecil case, and to provide that such a proceeding as this must be heard in a county where the attorney general maintains an office, that implied intention is in direct conflict with the plain provision of section 393, subdivision (b), of the Code of Civil Procedure and is inconsistent with the implied provision contained in section 1085 of that code. Those two sections were again amended in 1951, after the adoption of the statutes relied on by the respondents without making any change with respect to such of their provisions as are material here. It seems unlikely that the Legislature would have taken these various actions in this manner since 1943, without taking other and further action, had its intention been as now contended for by the respondents.

Statutory writs of mandate are specifically authorized to review the decisions of state-wide agencies (Code Civ. Proc., § 1094.5). That section was added to the chapter making general provisions for writs of mandate and section 1085, the first of these provisions, provides that such a writ may be issued by any court except a municipal or justice court. Section 393 of the Code of Civil Procedure clearly provides for the venue in a proceeding of this nature, which proceeding is of an entirely different nature from those mentioned in the chapter containing section 16050 of the Government Code. The rule announced in the Cecil case is sound, is in accord with common experience and practice, is of great benefit to the persons most vitally affected, and works no great hardship on the departments and officers of the state. We conclude that the subsequent legislation was not intended to change the rule applied in the Cecil case. Not only should a judicial review of a final administrative order be heard near where the matter arose and the order taken effect, but it

would work an unnecessary hardship to require all such matters to be removed to one of three cities, thus adding to the court congestion there. If such a change should ever become advisable it should be accomplished by a clearly expressed legislative intent.

Whether or not Riverside County would also be a proper county, since some business was done there, is not involved here. No objection was made on that ground and the sole question here presented is whether the order of removal to Los Angeles County was proper.

The order appealed from is reversed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied June 22, 1954, and respondents' petition for a hearing by the Supreme Court was denied July 21, 1954.