[Civ. No. 28132. First Dist., Div. Two. May 22, 1970.]

THOMAS C. LYNCH, as Attorney General, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
RICHARD F. VERBRUGGE, Real Party in Interest.

## COUNSEL

Thomas C. Lynch, Attorney General, Leonard M. Sperry, Jr., and Ronald V. Thunen, Jr., Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Silver, Rosen & Johnson and Eldon M. Johnson for Real Party in Interest.

## OPINION

**TAYLOR, J.**—Real party, Richard F. Verbrugge, was, prior to June 6, 1968, employed as senior narcotic agent with the State Department of Justice. He was assigned to the San Francisco office of the Bureau of Narcotic Enforcement. Effective June 6, 1968, he was dismissed from his position by the department, and the State Personnel Board affirmed his dismissal and denied a rehearing.

Having exhausted his administrative remedies, Verbrugge sought judicial review of the decision of the State Personnel Board by means of a mandamus proceeding filed in the Superior Court of Santa Cruz County, pursuant to the provisions of Code of Civil Procedure section 1094.5. Petitioners' motion for a change of venue to the Superior Court of the State of California, in and for the City and County of San Francisco, on the ground that Verbrugge's cause of action arose in San Francisco within the meaning of Code of Civil Procedure section 393, subdivision (1)(b), was denied, and petitioners then filed a petition for a writ of mandate with this court, pursuant to section 400 of the Code of Civil Procedure, requesting the transfer. We have concluded that the writ should be granted.

Venue in a mandamus action brought under Code of Civil Pro-

cedure section 1094.5 is governed by Code of Civil Procedure section 393, subdivision (1)(b). (*Duval* v. *Contractors State License Board* (1954) 125 Cal.App.2d 532, 535 [271 P.2d 194].) Code of Civil Procedure section 393, subdivision (1)(b), in pertinent part, provides: "1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county *in which the cause, or some part thereof, arose,* is the proper county for the trial of the following actions: . . .

"(b) Against a public officer or person especially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer." (Italics added.)

Here, the cause of action in question is the dismissal of a state employee by the Department of Justice. That dismissal clearly took place in San Francisco. The office of the department's Bureau of Narcotics is in San Francisco and it was out of that office that Verbrugge operated and was employed. As indicated in the declaration of John E. Storer: "At the time of his dismissal, petitioner, Richard F. Verbrugge, was, and had since December 2, 1964, been an employee of said Bureau . . . located at 350 McAllister Street, San Francisco. Mr. Verbrugge's immediate supervisor was located in the San Francisco office; Mr. Verbrugge received his paychecks at the San Francisco office; Mr. Verbrugge submitted all reports required of him in the course of his business at the San Francisco office; Mr. Verbrugge's headquarters for the purposes of the Board of Control rules regarding travel expense claims was the San Francisco office of the Bureau of Narcotic Enforcement; and office space and equipment (including a desk, locker, and assigned parking space) for Mr. Verbrugge's use was maintained by the Bureau of Narcotic Enforcement in the San Francisco office and nowhere else."

Verbrugge contends that at least "some part" of the cause of action occurred in Santa Cruz County and that the requirements of Code of Civil Procedure section 393, subdivision (1)(b), are thus satisfied. He points out that his employment required him to perform services in Monterey, Santa Cruz, Santa Clara, San Mateo and Alameda Counties, and that since the dismissal disrupted his working relationships with law enforcement officers in those counties, it took effect in those counties and not in San Francisco, and that the charges resulting in his dismissal included alleged falsifications of travel expenses occurring in Santa Cruz County.

It is true that certain acts which constituted the charges again Verbrugge resulting in his dismissal allegedly occurred in counties other than San Francisco but the basis of his cause of action is the dismissal from his job. This clearly took effect at the bureau's headquarters in San Francisco,

out of which he was employed. We emphasize that the cause of action referred to in Code of Civil Procedure section 393 is that of the employee against the discharging agency, rather than the converse.

While there are no cases in California dealing with venue in a mandamus action under Code of Civil Procedure section 1094.5, which inquire into the validity of a decision of the State Personnel Board, there are cases involving analogous situations which give some support to our conclusion that this case must be transferred to San Francisco County.

In *Cecil* v. *Superior Court,* 59 Cal.App.2d 793 [140 P.2d 125], the Director of Agriculture issued an order revoking the license of a milk distributor. The court held that the county in which the milk distributor carried on the business and in which he would be hurt by the enforcement of the order was the proper county for redress, under Code of Civil Procedure section 393, subdivision (1)(b). The court stated: "It is where the shaft strikes him, not where it is drawn, that counts." (P. 799.)

In *Duval, supra,* a contractor whose license had been revoked by the Registrar of Contractors sought review of the revocation order by filing a petition for writ of mandate under section 1094.5 of the Code of Civil Procedure. The court approved the rule laid down in *Cecil* and concluded that the proper venue was the county in which the contractor's business was situated. There is no indication in the case that venue also attaches to the location where the contractor performs acts which are the basis of the state's disciplinary proceeding against him nor to the location of the contractor's jobsites which, in *Duval,* incidentally included more than one county, just as in the instant case Verbrugge's assignments took him into various counties. Thus, in both *Cecil* and *Duval,* the court, in determining venue, was concerned solely with the question of the former licensees' business addresses, i.e., the headquarters or centers of operation.

The typical mandamus proceeding under section 1094.5 of the Code of Civil Procedure involves an order of an administrative agency which in some way interferes with the affected person's ability to conduct his business. In both *Duval* and *Cecil,* the affected person's business address was determinative of venue. In the instant case, the action of the department removing Verbrugge from his job is the cause of his complaint. Thus, by analogy to *Cecil* and *Duval,* it is clear that venue is determined by Verbrugge's place of employment or center of operation at the time of his dismissal since that is where the state's action interfered with his activities.

Consequently, we hold the real party's cause of action arose out of the dismissal which took effect at the bureau's headquarters in San Francisco

and that the City and County of San Francisco is the proper place for inquiry into the validity of the administrative decision. Let a peremptory writ of mandate issue commanding respondent court to transfer this action to the Superior Court of the State of California, in and for the City and County of San Francisco.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied June 19, 1970, and the petition of the real party in interest for a hearing by the Supreme Court was denied July 16, 1970.