Filed 8/21/24  Dept. of the Cal. Highway Patrol v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL,<br><br>       Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br><br>       Respondent;<br><br>MARIO SENCION,<br><br>       Real Party in Interest. | C100504<br><br>(Super. Ct. No. 23WM000002) |

Petitioner Department of the California Highway Patrol (CHP) brings a petition for writ of mandate and request for stay challenging respondent Superior Court of Sacramento County's order denying CHP's motion to transfer venue.  CHP contends transfer is mandatory under relevant statutory and case law authority.  We agree.  We will

1

issue a peremptory writ of mandate ordering respondent superior court to vacate its order and issue a new order granting the motion.

FACTUAL AND PROCEDURAL BACKGROUND

In mid-2023, real party in interest Mario Sencion filed, in respondent superior court, a petition for writ of mandate under Code of Civil Procedure[1] section 1094.5 challenging the decision of the State Personnel Board (Board) sustaining his dismissal as a highway patrol officer.

CHP thereafter moved to transfer venue to Los Angeles County. Supporting its motion, CHP cited *Lynch v. Superior Court* (1970) 7 Cal.App.3d 929, 930-931 (*Lynch*). In *Lynch*, a writ was granted after the superior court refused to transfer venue. (*Id*. at pp. 930, 932-933.) The *Lynch* court explained that venue lies at the employee's "place of employment or center of operation" when he or she was dismissed. (*Ibid*.)

Sencion opposed the motion, arguing Sacramento County is the proper venue because both the Board and CHP are located in Sacramento and the cause arose in Sacramento.

Respondent superior court denied the motion. It explained that, while venue transfer is mandatory when the wrong court is designated in the complaint, the presumption is the county where the complaint is filed is the proper one and the moving party bears the burden of proving otherwise. Respondent court concluded that CHP had not met its burden because it failed to address the different context in which *Lynch* was decided. CHP also offered no admissible evidence, according to respondent court, showing Sencion worked in Los Angeles County, nor did Sencion's petition allege as much. And even assuming Sencion worked in Los Angeles, CHP is headquartered in

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

2

Sacramento County, and CHP offered no evidence as to where the decision to dismiss Sencion was approved.

CHP challenged the denial of its motion by filing this petition for writ of mandate in this court. Sencion filed a preliminary opposition arguing respondent court's ruling was correct.

This court stayed all proceedings and issued a suggestive *Palma* order that cited the reasoning of *Lynch*, provided respondent superior court with an opportunity to change its ruling, and notified the parties that this court was considering issuing a peremptory writ in the first instance pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1250.)

After respondent superior court informed this court that it had taken no action and did not plan to take further action, we invited the parties to provide any further opposition or reply to the petition. Sencion filed a response stating that he is not opposed to the issuance of a peremptory writ of mandate ordering the matter transferred to Los Angeles County Superior Court.

As we explain, because Los Angeles County is the proper venue, we will issue the writ.

                                      DISCUSSION

Because the underlying mandamus action seeks judicial review of an administrative decision pursuant to section 1094.5, venue is governed by section 393. (*Sutter Union High School Dist. v. Superior Court* (1983) 140 Cal.App.3d 795, 797; *Lynch*, *supra*, 7 Cal.App.3d at pp. 930-931; *Duval v. Contractors State License Board* (1954) 125 Cal.App.2d 532, 535.) Section 393 states in pertinent part that "the county in which the cause, or some part of the cause, arose, is the proper county for the trial."

The "cause" is the employee's cause against the discharging agency. (*Lynch*, *supra*, 7 Cal.App.3d at pp. 931-932.) Concomitantly, the critical locus is the employee's

3

place of employment when he or she was dismissed—not the agency's location where it made the determination to dismiss him or her—as explained in *Lynch*.  (*Ibid*.)

*Lynch* involved a former Department of Justice employee who brought a petition for writ of mandate in Santa Cruz County Superior Court, challenging the Board's affirmance of his dismissal.  (*Lynch*, *supra*, 7 Cal.App.3d at p. 930.)  After a motion to transfer venue to San Francisco County was denied, a petition for writ of mandate was filed in the Court of Appeal.  (*Ibid*.)  The Court of Appeal granted the writ, concluding San Francisco was the proper venue.  (*Id*. at pp. 932-933.)

The *Lynch* court explained that "venue is determined by [the employee's] place of employment or center of operation at the time of his [or her] dismissal since that is where the state's action interfered with his [or her] activities."  (*Lynch*, *supra*, 7 Cal.App.3d at p. 932.)  It reasoned that in mandate proceedings involving a challenge to an administrative agency's action interfering with a petitioner's ability to conduct business, venue is determined by the affected person's business address:  "the county in which . . . he [or she] would be hurt by the enforcement of the order."  (*Ibid*., citing *Cecil v. Superior Court* (1943) 59 Cal.App.2d 793, 799 [venue for action challenging revocation of a milk distributor license was in the county where the milk distributor carried out its business and not where the licensing department was located]; *Duval v. Contractors State License Board*, *supra*, 125 Cal.App.2d at pp. 532, 535-536 [same for challenge to revocation of contractor's license].)  " 'It is where the shaft strikes him [or her], not where it is drawn, that counts.' "  (*Lynch*, at p. 932, quoting *Cecil*, at p. 799.)  So too, where the cause of the complaint is the department's removal of the employee, venue is determined by the employee's place of employment when dismissed.  (*Lynch*, at p. 932.)

As applied here, Los Angeles County is the proper venue.  Sencion was stationed in Los Angeles when CHP dismissed him.  While respondent superior court found no evidence that Sencion worked in Los Angeles, Sencion's petition, filed in the superior court, incorporates by reference the Board's decision upholding dismissal, which in turn

4

found that "[a]t all times relevant" Sencion was assigned to the East Los Angeles area office. Sencion never challenged that finding. (See *Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 929, fn. 7 [if not controverted, verified complaint may be considered for factual content in ruling on motion to change venue].)

Respondent court also wrote that CHP had failed to discuss the different context in which *Lynch* was decided and provided no evidence as to where the decision to dismiss Sencion was made. But as *Lynch* makes clear, venue lies where the employee worked, and neither the location of the employer's headquarters nor where the decision to discharge was made have any bearing on venue. (*Lynch*, *supra*, 7 Cal.App.3d at pp. 931-932.)

For these reasons respondent court erred in refusing to transfer venue. We will issue a peremptory writ.

## DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue the writ forthwith and without oral argument. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court*, *supra*, 47 Cal.4th at pp. 1243-1244; *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d 171.) Let a peremptory writ of mandate issue directing respondent superior court to vacate its February 2, 2024 order denying the motion to transfer venue, and to enter a new order granting the motion. Upon finality of this opinion, the stay issued by this court on April 5, 2024, shall be vacated. The parties shall bear their own costs. (Cal. Rules of Court, rule 8.493(a)(1)(B).)

/s/  
ROBIE, Acting P. J.

We concur:

/s/  
KRAUSE, J.

/s/  
MESIWALA, J.

6